# EXHIBIT 1

SERVICE COPY

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

2019 MAR 12 PM 2:05
IN SHERIFF'S HANDS
NEW CASTLE COUNTY

Case Name: **Scott Philo, et al v Google LLC**
Case Number: **226-2019-CV-00125**

Date Complaint Filed: February 20, 2019
A Complaint has been filed against Google LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| April 08, 2019 | Massagechairsforless.com, LLC; Scott Philo shall have this Summons and the attached Complaint served upon Google LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 29, 2019 | Massagechairsforless.com, LLC; Scott Philo shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Google LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Google LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Robert M. Nadeau, ESQ         Nadeau Legal PLLC 3 Sevigny Ave Biddeford ME 04005
Google LLC                    c/o Corporation Service Company 251 Little Falls Drive
                              Wilmington DE 19808

BY ORDER OF THE COURT

February 22, 2019

Marshall A. Buttrick
Clerk of Court

(126869)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:         **Scott Philo, et al v Google LLC**
Case Number:       **226-2019-CV-00125**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Southern District** as the location.

3. Select "I am filing into an existing case".  Enter **226-2019-CV-00125** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

## STATE OF NEW HAMPSHIRE      226-2019-CV-00125

**HILLSBOROUGH, SS,**                                    **SUPERIOR COURT**
**SOUTHERN DIVISION**                                    **NASHUA**

SCOTT PHILO, dba Massagechairsforless.com and
Massagechairsforless.com LLC
3 Cardinal Circle
Nashua, New Hampshire 03063
**(Plaintiff)**
v.

GOOGLE LLC, dba Google AdWords and dba Google AdWords Express
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
**(Defendant)**

### COMPLAINT (JURY TRIAL IS DEMANDED)

The Plaintiff, Scott Philo, by and through his counsel, Nadeau Legal PLLC, hereby complains against the above-referenced Defendant as follows:

1. The Plaintiff, Scott Philo, is a resident of Nashua, Hillsborough County, New Hampshire. At all times relevant to this Complaint he has done business under the name of Massagechairsforless.com, maintaining his principle place of business at his above-captioned address in Nashua.

2. The Plaintiff, Massagechairsforless.com, LLC, is and has been at all times relevant to this Complaint a New Hampshire limited liability company also maintaining its principle place of business at the above-captioned address in Nashua.

3. The Defendant, Google LLC ("Google"), is a Delaware corporation that at all times relevant to this Complaint has done business under various names including but not limited to the business names of Google AdWords (hereafter, "AdWords") and Google AdWords Express (hereafter, "Express"). It lists its primary address at 1600 Amphiteatre Parkway,

Complaint, Philo, dba Massagechairsforless.com v. Google LLC, dba Google AdWords, et al.
Page 1

Mountain View, California 94943, and its registered agent as Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. At all times relevant to this Complaint, Google and its actions relevant to this Complaint have been within the jurisdiction of the State of New Hampshire and of this Court by virtue of Google's engagement in substantial trade or commerce within this State and by virtue of Google's commission of tortious conduct against the Plaintiff within the State.

5. For several years the Plaintiffs advertised their products over the internet, utilizing the services of Google via its AdWords platform pursuant to an agreement and course of conduct among those parties that was premised upon their "pay per click" invoicing formula which involved the ability of consumers such as the Plaintiffs to "bid" on a chosen keyword that, if clicked by an internet user pursuant to his or her search engine results would cause the Plaintiffs' ad to show first, thereby also enabling the Plaintiffs to then manage their advertising campaign via AdWords on a full featured basis and thereby enabling the Plaintiffs to change the amount of their daily spending budget, create a new campaign or a new ad, modify an existing campaign or ad, or stop an add or a campaign from running.

6. The Plaintiffs' credit card account was automatically, generally daily invoiced by Google for the aforementioned pay per click services provided on behalf of the Plaintiffs, usually in $500.00 increments several times per day.

7. In or about the early Spring, 2017 Google, through its AdWords marketing and tech support personnel, promoted and strongly urged the Plaintiffs on multiple occasions to download their new "Express" mobile application, while falsely representing to the Plaintiffs the following:

A. That doing so would allow the Plaintiffs a further means to manage their AdWords ad campaign at no additional cost;

B. That the Express application was compatible with, and integrated seamlessly and fully with, AdWords; and,

C. That the AdWords and Express platforms mirrored each other, thereby rendering the Plaintiffs ability to cancel or modify any ad campaign on the Express platform as easy as canceling or modifying the corresponding AdWords campaign, and the Defendant's representatives thereupon walked the Plaintiff Philo through a campaign cancellation process on AdWords while falsely assuring the Plaintiffs that the use of that procedure would correspondingly cause a corresponding cancellation of the same campaign via the Express platform.

8. During the course of those communications, the Plaintiffs informed the AdWords representatives with whom Mr. Philo spoke, that the Plaintiffs did not feel any need to, or want to, engage in mobile monitoring of their Google advertising.

9. Based on the assurances and representations of the Defendant, the Plaintiffs acquiesced to the alleged linking of Express to the AdWords platform regarding the Plaintiffs' advertising. However, the Plaintiffs did not thereafter utilize the Express application.

10. In the usual course of the parties' business, Google continued to charge the Plaintiffs' credit card on a daily basis for its services, which the Plaintiffs understood to continue to be on the usual "pay per click" basis.

11. At one point in time shortly after the Express application became linked to the Plaintiffs' AdWords campaign, the Plaintiff's Manager, Scott Philo, telephoned Google to cancel one of the Plaintiffs' ad campaigns which had been running in AdWords and, therefore, also in

Express. The Plaintiffs were then repeatedly (and, as they have come to learn, falsely) assured that by simply canceling the particular AdWords campaign they would automatically cancel the corresponding campaign on the Express platform without having to do anything additionally or separately on that latter platform.

12. During 2017, the Plaintiffs did not promptly monitor Google's continuing charges which in each instance, as before Express was allegedly interfaced with the Plaintiffs' AdWords advertising campaign, merely identified "Google" as the creditor. Therefore, they did not notice that the pre-Express, typical monthly Google charges had grown substantially on a monthly basis after they acquiesced to Google's Express representations.

13. However, in or about January, 2018, the Plaintiffs engaged in an updating of their business bookkeeping records, whereupon they examined their account records more closely and discovered that the Google credit card charges in and after May, 2017, had exploded to the tune of approximately $1,000.00 per day or more, directly coinciding with the interfacing of their AdWords campaign with Express.

14. The Plaintiffs then telephoned Google's billing department at 866-246-6453 and spoke with someone identifying himself as "Clark", whose "manager" was reported to be someone named "Nakia".

15. As a result of the foregoing, the Plaintiffs learned the following:

A. That Google had been billing them substantially increased charges and that those charges were associated with the Express application;

B. That Google had established a separate "Express" account using the same account number of xxx-xxx-4443 that pertained to the Plaintiffs' AdWords account, and that Express had then created erroneous advertising that did not materially benefit the

Complaint, Philo, dba Massagechairsforless.com v. Google LLC, dba Google AdWords, et al.
Page 4

Plaintiffs and that resulted in extra, unauthorized charges being billed by Google to the Plaintiffs' credit card account since May, 2017;

C. That although his Google AdWords account and the evidently separate Express account were assigned the same account number, the same logon identification, and the same password, Google AdWords did not display any ads or "campaigns" associated with Express that were evidently occurring, so that the Plaintiffs could have known about them and the undisclosed additional charges they were generating; and,

D. That the Express application had been most incorrectly advertising the Plaintiffs' former massage chair model, namely, the Ultimate L, that the Plaintiffs had in fact discontinued, and that the incorrectly advertised model was advertised by Express at a price of $2,599.99 which was $600.00 more than the Plaintiffs had been selling the chair for, thereby meaning that the Express application was premised upon completely useless advertising not benefitting the Plaintiffs at all.

16. The result of all of the foregoing, as the Plaintiffs discovered, was that not only were their cancelled ad campaigns in AdWords not reciprocally cancelled in Express, but also, that the resulting continuation of those campaigns in Express were billed to the Plaintiffs via their credit card account for which the Plaintiffs continued to unwittingly pay.

17. Moreover, on the Plaintiffs' information and belief, the problems associated with Express, including but not limited to its poor integration with AdWords, have caused the Defendant's own marketing and use of Express to be discontinued.

18. The Defendant's Express advertising was not authorized by the Plaintiffs and was in no way materially beneficial to them.

19. The Plaintiffs sustained and paid overcharges by Google in the amount of $375,583.39 as the result of the Express invoicing, and suffered the additional loss of the interest value of those funds for which he is entitled to full reimbursement from the Defendant.

20. In or about May, 2018, the Defendant offered to pay to the Plaintiffs only $58,000.00 as full and final settlement regarding the Plaintiffs' losses. The Plaintiffs have rejected that offer.

## COUNT I
## BREACH OF CONTRACT

21. The Plaintiffs re-allege the allegations in paragraphs 1 through 20, above.

22. The Defendant's conduct, by and through its agents and representatives, constituted a breach of the parties' contract and course of dealings for which the Defendant is liable to the Plaintiffs.

23. The Defendant's conduct has been unconscionably overreaching and outrageous, and should not be tolerated by the Court.

WHEREFORE, the Plaintiffs request the entry of a judgment in their favor against the Defendant in the amount of the Plaintiffs' actual and consequential damages, plus enhanced compensatory damages, interest, costs, reasonable attorney fees, and such other and further relief as may be just.

## COUNT II
## WRONGFUL CONVERSION OF FUNDS

24. The Plaintiffs re-allege the allegations in Count I, above.

25. The Defendant, having no right to do so, has wrongfully converted the funds and credits of the Plaintiffs without his authorization and despite their demand for their return.

WHEREFORE, the Plaintiffs request the entry of a judgment in their favor against the Defendant in the amount of the Plaintiffs' actual and consequential damages, plus enhanced compensatory damages, interest, costs, reasonable attorney fees, and such other and further relief as may be just.

### COUNT III
### FRAUD/DECEIT

26. The Plaintiffs re-allege the allegations in Counts I and II, individually and collectively.

27. The Defendant, by and through its agents and representatives, fraudulently and otherwise deceitfully caused the Plaintiffs, with respect to the Defendant's inducements, products and billing practices on which the Plaintiffs relied to their detriment, to be victimized by the Defendant's marketing and billing practices, said losses being reasonably foreseeable to the Defendant at the time that the fraudulent and deceitful events occurred.

WHEREFORE, the Plaintiffs request the entry of a judgment in their favor against the Defendant in the amount of the Plaintiffs' actual and consequential damages, plus enhanced compensatory damages, interest, costs, reasonable attorney fees, and such other and further relief as may be just.

### COUNT IV
### NEGLIGENCE/NEGLIGENT MISREPRESENTATION

26. The Plaintiffs re-allege the allegations in Counts I, II and III, individually and collectively.

27. The Defendant, by and through its agents and representatives, through negligence and negligent misrepresentations, reasonably foreseeably caused the Plaintiffs, with respect to

the Defendant's inducements, products and billing practices on which the Plaintiffs relied to their detriment, to be victimized by the Defendant's marketing and billing practices.

WHEREFORE, the Plaintiffs request the entry of a judgment in their favor against the Defendant in the amount of the Plaintiffs' actual and consequential damages, plus enhanced compensatory damages, interest, costs, reasonable attorney fees, and such other and further relief as may be just.

## COUNT V
## VIOLATION OF RSA 358-A

28. All of the preceding allegations are incorporated herein as if fully set forth.

29. By letter dated July 25, 2018 from the Plaintiffs' attorney to the Defendant, in care of its listed CEO named Pichai Sundar, at the address of Google LLC, dba Google AdWords, 1600 Amphitheatre Parkway, Mountain View, CA 94943, the Plaintiffs demanded prompt reimbursement for their losses stated herein, and invoked in that letter the provisions of RSA 358-A entitling the Plaintiffs to an award of damages of up to three times the amount of their actual and consequential losses, plus an award of the Plaintiffs' reasonable attorney fees, interest and costs, in the event that that demand did not generate a prompt, reasonable written offer of settlement.

30. According to the United States Postal Service, that demand letter was signed for by an agent of the foregoing addressee, said receipt occurring within less than one week after its date.

31. Despite the foregoing, neither the Plaintiffs nor their counsel ever received any response from the Defendant regarding the letter.

32. The Defendant's actions described above constitute one or more unfair or deceptive acts or practices prohibited under New Hampshire law.

33. Such conduct is a willful or knowing violation of RSA Chapter 358-A.

34. Such wrongful conduct entitles the Plaintiffs to an award of not only their compensatory damages, but also of enhanced compensatory damages, double or treble damages, interest, costs and reasonable attorney's fees. All such damages are within the jurisdictional limits of this Court.

WHEREFORE, the Plaintiffs requests the entry of a judgment in their favor against the Defendant in the amount of the Plaintiffs' actual and consequential damages, plus enhanced compensatory damages, double or treble damages, interest, costs, reasonable attorney fees, and such other and further relief as may be just.

THE PLAINTIFFS
By their attorney

*/s/ Robert M. Nadeau*

Robert M.A. Nadeau, Esq. (NH Bar #10579)
Nadeau Legal PLLC
3 Sevigny Ave.
Biddeford, ME 04005
(207) 494-8086